**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PATRICK-JOSEPH GROULX,

    Plaintiff,

v.

                            Case No. 22-12296

                            HON. DENISE PAGE HOOD

CSX CORPORATION, et al.,

    Defendants.

_____/

## **ORDER DISMISSING ACTION**

On November 2, 2022, the Court entered an Order granting Plaintiff's Application to Proceed Without Prepaying Fees or Costs. (ECF No. 6). Plaintiff was also served with a Notice Regarding Service of Process setting forth the requirements on how Plaintiff was to complete and present summonses to the Clerk's Office so that Plaintiff could serve such summonses (along with the Complaint) to the Defendants as required under Rule 4 of the Rules of Civil Procedure. (ECF No. 7) The Notice indicated that each named Defendant must be served within ninety (90) days after the complaint is filed. *Id.*

On May 3, 2023, the Court issued an Order for Plaintiff to Show Cause Why the Case Should Not be Dismissed for Failure to Prosecute because Plaintiff failed to serve Defendants as required within the ninety

(90) days after the complaint was filed. Plaintiff filed a response to the Court's Order to Show Cause on May 17, 2023. (ECF No. 11)

Plaintiff asserts that he was waiting for a Report and Recommendation from a court for permission to proceed. As noted above, this Court granted Plaintiff's Application to Proceed Without Prepaying Fees or Costs on November 2, 2022, which allowed Plaintiff at that time to proceed with his case without prepaying fees. (See, ECF No. 6). Plaintiff was also served with a Notice Regarding Service of Process setting forth the requirements on how Plaintiff was to complete and present summonses to the Clerk's Office so that Plaintiff could serve such summonses (along with the Complaint) to the Defendants as required under Rule 4 of the Rules of Civil Procedure within 90 days from the filing of the Complaint. (See ECF No. 7) The Notice provided that the action may be dismissed if service was not completed. *Id*. Plaintiff provides no explanation why he did not follow the requirements set forth in the Notice. The docket indicates Plaintiff was served with the Order Granting Application to Proceed Without Prepaying Fees or Costs and the Notice on November 4, 2022 at an address in Saginaw, Michigan. The docket does not show that any documents served on Plaintiff by the Court was returned as

2

undeliverable.

>Rule 4(m) of the Federal Rules of Civil Procedure provides:
>
>If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period....

Fed. R. Civ. P. 4(m). Whether good cause exists is a determination left to "the sound discretion of the district court." *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). The plaintiff bears the burden of showing good cause and "why service was not made within the time constraints." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)). A plaintiff may demonstrate "good cause" by showing a reasonable and diligent effort to effect service. *Habib*, 15 F.3d at 74. Although the Sixth Circuit has indicated that a court should construe Rule 4(m) leniently when a plaintiff is proceeding *pro se*, *Habib*, 15 F.3d at 74, Plaintiff fails to demonstrate good cause. The only reason given by Plaintiff in his response was that he was awaiting permission to proceed, which the Court granted in a November 4, 2022 Order, along with a Notice setting forth the requirements to serve the Complaint. The Court dismisses the Complaint without prejudice.

Regarding Plaintiff's Motions for Leave to Amend Complaint, the Court denies the motions since Plaintiff failed to serve the original Complaint within the 90 days required to file such and the motions were filed more than five months after the original Complaint was filed. Pursuant to Rule 15(a)(1)(B), a plaintiff is entitled to amend a complaint as of right "within 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). As noted above, Plaintiff failed to timely serve his Complaint on Defendants, and as such, has no right to file an amended complaint. Plaintiff has failed to show cause why his case should not be dismissed for failure to prosecute.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Show Cause (ECF No. 11), considered as a response to this Court's Order to Show Cause, is DENIED as to any relief requested in the document.

IT IS FURTHER ORDERED that Plaintiff's Motions for Leave or to Amend Complaint (ECF Nos. 8, 10) are DENIED.

It IS FURTHER ORDERED that this action is DISMISSED without prejudice under Fed. R. Civ. P. 4(m) for failure to timely serve the Complaint.

s/Denise Page Hood<br>
Denise Page Hood<br>
United States District Judge

Dated:   January 31, 2024